Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiffs Lawrence Drewry

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DREWRY,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF RIVERSIDE, ALFREDO MEDINA and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEARCH AND SEIZURE OF PROPERTY (U.S. CONST. AMEND. 4); *MONELL* CLAIM FOR FAILURE TO TRAIN; CALIFORNIA STATE LAW CLAIMS FOR CONVERSION, TRESPASS AND NEGLIGENCE<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff Lawrence Drewry, and shows this honorable court the following:

COMPLAINT FOR DAMAGES

1

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiff Lawrence Drewry filed his Claim for Damages against the County of Riverside on June 3, 2019, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim was been rejected by defendant County of Riverside on June 12, 2020.

## GENERAL ALLEGATIONS

5.      Plaintiff Lawrence Drewry, hereinafter referred to as "DREWRY" and/or "plaintiff" and/or "Lawrence Drewry" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.      Defendant County of Riverside, hereinafter also referred to as "Riverside County" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7.      Defendant Alfredo Medina, hereinafter referred to as "MEDINA", is a sworn deputy sheriff and Master Investigator with the Riverside County Sheriff's Department, who, at all times complained of in this action was acting as

COMPLAINT FOR DAMAGES

2

an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Riverside County Sheriff's Department and defendant County of Riverside.

8.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside and/or with some other public entity.

9.      Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, including the Sheriff, Under-Sheriff, Assistant Sheriffs, employed by the County of Riverside and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as: 1) via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), 2) via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), 3) such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside and/or with some other public entity, for: a) for wrongfully arresting persons; b) for deceiving judges to obtain unlawful search warrants; c) for failing to properly train it's peace officers and other personnel about the laws regarding the commercial growing of hemp, and the lawfulness of the same; d) for unlawfully

COMPLAINT FOR DAMAGES

3

searching and seizing persons and their personalty / property; e) for falsely arresting and falsely imprisoning persons; f) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; g) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; h) for covering-up unlawful and tortious conduct by County of Riverside personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

10.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

11.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, including the Sheriff, Under-Sheriff, Assistant Sheriffs, employed by the County of Riverside and/or with some other public entity, and/or some other public official(s) with the County of Riverside and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Riverside and/or with some other public entity.

12.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace

COMPLAINT FOR DAMAGES

4

officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Riverside and/or with some other public entity.

13.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Riverside and/or with some other public entity, for, inter alia: a) for wrongfully arresting persons; b) for deceiving judges to obtain unlawful search warrants; c) for failing to properly train it's peace officers and other personnel about the laws regarding the commercial growing of hemp, and the lawfulness of the same, d) for unlawfully searching and seizing persons and their personalty / property; e) for falsely arresting and falsely imprisoning persons; f) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; g) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; h) for covering-up unlawful and tortious conduct by County of Riverside personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

14.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Lawrence Drewry of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

15.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Lawrence Drewry's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### UNREASONABLE SEARCH and SEIZURE OF PROPERTY
### UNDER FOURTH AMENDMENT
### [Violation of 42 U.S.C. § 1983]
### (By Plaintiff LAWRENCE DREWRY Against Defendants MEDINA AND DOES 1 through 6, inclusive)

16.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17.     On December 5, 2019, defendant MEDINA was in an aircraft flying over plaintiff's home located at 40105 Avis Road, in the unincorporated area known as Valle Vista, in Riverside County, California, when he saw plaintiff's greenhouses full of plants which he incorrectly assumed to be marijuana.

18.     The view from said aircraft that MEDINA and DOES 1 through 6, inclusive, had when they observed plaintiff's greenhouse, allowed said defendants to see plaintiff's greenhouses, but not the plants contained therein. In fact, plaintiff DREWRY is a registered grower and cultivator of industrial hemp, which crop is authorized under both federal[1] and California state[2] law.

_____

[1] See, *Agriculture Improvement Act of 2018*, Pub. L. No. 115-334 §§ 7129, 7501, 7605, 10113, 10114, 11101, 11106, 11113, 11119, 11121, 12619 ("2018 Farm Bill"); *See also, Agricultural Act of 2014*, 7 U.S.C. § 5940 ("2014 Farm Bill"); and *Controlled Substances Act*, 21 U.S.C. §§ 801 – 904, 951 – 971 ("CSA").  Taken together, the 2018 Farm Bill and 2014 Farm Bill legalized the industrial use of hemp under federal law and removed tetrahydrocannabinols found in hemp from the U.S. Drug Enforcement Agency's list of controlled substances under the CSA.
[2] *See also, California Food & Agricultural Code* §§ 81000, *et seq.* ("California Industrial Hemp Law") and *California Code of Regulations*, §§ 4900, *et seq.*

19.     Plaintiff DREWRY registered[3] two portions of his property (.35 acres and 1.25 acres) with the Riverside County Agricultural Commissioner, Ruben J. Arroyo, on or about August 6, 2019. Said registration authorized plaintiff DREWRY to grow and cultivate industrial hemp with state-approved seed cultivars, pursuant to state and federal law.

20.     Although to untrained eyes (such as defendant MEDINA's and DOES' 1 through 6's, inclusive's), industrial hemp may look like somewhat similar to marijuana,[4] but they are very different from each other. Pursuant to federal and state law, industrial hemp is very different than marijuana; the former containing no more than 0.3% delta-9 tetrahydrocannabinol[5] ("Δ-9 THC") on a dry weight basis,[6] and the latter containing greater than 0.3% Δ-9 THC, making marijuana a Schedule 1 controlled substance under the Controlled Substances Act[7] and illegal under federal law.

21.     The Riverside County Sheriff's Department / COUNTY did not and does not train its deputy sheriffs to distinguish between illegal marijuana and legal hemp, either by sight or by chemical analysis. The two crops are visually distinguishable and chemically dissimilar.

22.     On December 5 and/or December 6, 2019, defendant MEDINA and DOES 1 through 3, inclusive, authored an affidavit under penalty of perjury for a an application for a residential search warrant of the plaintiff's home premises,

---

[3] County of Riverside Agricultural Commissioner's Office Registration No. 33-190040 G.
[4] While both plants are defined under the Controlled Substances Act as *Cannabis sativa L.*, unlike marijuana, hemp has extremely low concentrations of the psychoactive compound Δ-9 THC, a controlled substance under the CSA.
[5] The compound Δ-9 THC is what gives marijuana its psychoactive properties. Industrial hemp cannot exceed 0.3% Δ-9 THC or it must be destroyed under federal and state law.
[6] Hemp that tests greater than 0.3% Δ-9 THC on a dry weight basis must be disposed of onsite according to the disposal methods approved by U.S. Department of Agriculture and destroyed pursuant to state regulation (3 CCR § 4950).
[7] *See*, 21 U.S.C. § 801, *et seq.*

COMPLAINT FOR DAMAGES

7

authorizing searches and seizures of the following:

- Controlled substances and paraphernalia related to marijuana.
- Firearms and weapons.
- Evidence of ownership of plaintiff's home.
- U.S. currency.
- Documents evidencing controlled substance transactions.
- Searches of vehicles on the subject property.
- Civilian personnel to document evidence of the execution of the search warrant.
- Evidence of Butane Honey Oil.[8]
- All data of any electronic devices at plaintiff's home.

23.    Prior to authoring the residential search warrant, the Riverside County Agricultural Commissioner's Office supplied a list of all the registered hemp farms in Riverside County to the Riverside County Sheriff's Department, and plaintiff DREWRY's lawful hemp farm was on that list and was known to defendants MEDINA and DOES 1 through 10, inclusive before the subject incident / raid complained of in this action.

24.    Said residential search warrant contained a false material fact under penalty of perjury to establish probable cause by judicial deception by defendant MEDINA; namely that from flying above plaintiff DREWRY's property, defendant MEDINA saw that "[i]nside the greenhouses were marijuana plants," something that was not true.

25.    Moreover, defendants MEDINA and DOES 1 through 3, inclusive, in

_____

[8] "Butane Honey Oil" refers to marijuana concentrate, including the method of extraction (butane) and the properties of its physical appearance (honey).
https://www.getsmartaboutdrugs.gov/content/what-you-should-know-about-marijuana-concentrates-honey-butane-oil .

COMPLAINT FOR DAMAGES

8

his application for a residential search warrant, also omitted the fact that plaintiff DREWRY was a registered hemp cultivator with the COUNTY Agricultural Commissioner's Office, and plaintiff's parcel to his home and GPS coordinates were on file with the COUNTY Agricultural Commissioner's Office.

26.     On December 6, 2019, at 8:47 a.m., due to defendant MEDINA's and DOES 1 through 3, inclusive's judicial deception contained in the Statement of Probable Cause on the application for the search warrant for plaintiff DREWRY's home, Riverside County Superior Court Judge Becky Dugan signed the search warrant to enter into, search and seize property from plaintiff DREWRY's home and backyard / curtilage.

27.     On December 9, 2019, at approximately 3:00 p.m., plaintiff DREWRY was away from his home, when approximately ten or more Riverside County Sheriff's Department deputy sheriffs (including defendants MEDINA and other sworn and unsworn employee(s) of defendant COUNTY, and DOES 1 through 6, inclusive) arrived at plaintiff's home and walked onto plaintiff DREWRY's property dressed in police "raid gear".

28.     Thereafter, defendants MEDINA and DOES 1 through 6, inclusive, proceeded to plaintiff DREWRY's greenhouse in his backyard, and ripped out approximately 267 industrial hemp plants, thus destroying plaintiff DREWRY's entire crop.

29.     At the time of the subject incident / raid, plaintiff DREWRY had large signs on the property near his industrial hemp farm greenhouse, identifying it as an industrial hemp farm.

30.     However, but those signs were simply ignored by defendants MEDINA and DOES 1 through 10, inclusive.

31.     Moreover, plaintiff also had his embossed industrial hemp registration permit issued to him by the Riverside County Agricultural Commissioner's Office posted on the premises, and defendants MEDINA and

DOES 1 through 6, inclusive, deliberately ignored that COUNTY-issued registration, and unlawfully seized that legal document during the subject incident / raid.

32.     Thereafter, defendants MEDINA and DOES 1 through 6, inclusive, pried open / broke the metal security screen door that protected plaintiff DREWRY's back door to his private residence; damaging plaintiff's property.

33.     Defendants MEDINA and DOES 1 through 6, inclusive, then breached / busted-down the back door to plaintiff DREWRY's private residence, unlawfully entered plaintiff's private residence, unlawfully searched plaintiff's private residence, and unlawfully seized plaintiff's son's lawfully registered firearm, and wax sheets from the family home.

34.     After the subject incident / raid, and the unlawful searches and seizures of plaintiff DREWRY's property, defendants MEDINA and DOES 1 through 6, inclusive, then left the private residence unsecured, and made-off with all of the unlawfully taken items described above.

35.     In addition, defendants MEDINA and DOES 1 through 6, inclusive, left a "cease and desist" letter on the letterhead of the COUNTY's Office of County Counsel, on plaintiff DREWRY's door with the subject heading "Cease and Desist Unlawful Cannabis Cultivation In Violation of Riverside County Ordinance No. 348," and declaring plaintiff's DREWRY's property and legitimate, legal hemp farm as a "public nuisance."

36.     Said "cease and desist" letter was drafted on defendant COUNTY's Office of County Counsel's (aka "County Counsel") letterhead, when in fact no one from County Counsel's (or anyone else in a legal position to make that call) had ever determined that plaintiff's registered hemp cultivation operation was ever in violation of any COUNTY ordinance.

37.     Said "cease and desist" letter was a fraudulent and malicious attempt by the Riverside County Sheriff's Department to make it appear to the Riverside

COMPLAINT FOR DAMAGES

10

County District Attorney's Office, and to a potential judge or jury in some potential future civil litigation by the plaintiff, that plaintiff DREWRY was engaged in "unlawful cannabis cultivation"; something that was not true.

38.     Moreover, Riverside County Counsel's Office also threatened to use "all available legal means," including using nuisance abatement procedures[9] which, if carried out, could have resulted in plaintiff DREWRY being forced to pay for the costs of the illegal seizure of his hemp crop by defendants MEDINA and DOES 1 through 6, inclusive, as well as being forced to pay for investigation costs, attorneys' fees and civil penalties at the rate of $1,000.00 per day assessed against plaintiff DREWRY's property in the form of a lien—a threatened unlawful taking of plaintiff DREWRY's property without due process of law.

39.     Furthermore, not only was the search warrant obtained by MEDINA done by judicial deception, and on its face, nonetheless still insufficient to show sufficient probable cause for the issuance of the search warrant for the plaintiff's home and property[10].

40.     On December 18, 2019, plaintiff DREWRY collected hemp debris left behind by defendants MEDINA and DOES 1 through 6, inclusive, and

---

[9] Pursuant to *Cal. Gov't Code* § 25845.

[10] In addition, the return on the warrant (which is entitled a "property report," showing the unlawfully seized items taken from plaintiff DREWRY's home) also falsely stated that defendants MEDINA and DOES 1 through 6, inclusive, had seized "267 marijuana" plants and "13,395 g[rams] of marijuana" (nearly thirty pounds)—something that was not true. Thus, not only was plaintiff DREWRY threatened with civil penalties by defendant COUNTY, as shown above (which could have resulted in plaintiff DREWRY losing his home if he were unable to pay said civil penalties), the false statements of fact contained in the return of the search warrant were made by defendant MEDINA in an attempt to maliciously criminally prosecute the plaintiff, who was engaged in lawful activity, hemp cultivation which was authorized and sanctioned by the COUNTY Agricultural Commissioner.

COMPLAINT FOR DAMAGES

11

submitted it to Infinite Chemical Analysis Labs, LLC[11] for chemical analysis of its cannabinoid potency.

41.     Thereafter, on December 26, 2019, plaintiff DREWRY received the results of the chemical analysis of his industrial hemp and the test results which showed that the sample of hemp debris left behind by defendants MEDINA tested at 0.13% total THC[12] content—well below the 0.3% Δ-9 THC threshold pursuant to federal[13] and state[14] law that would have made the plaintiff's hemp unlawful.

42.     Thus, defendants MEDINA and DOES 1 through 6, inclusive, searched the plaintiff DREWRY's residence and backyard / curtilage, with a search warrant obtained by judicial deception, and otherwise being facially insufficient to sustain Fourth Amendment scrutiny.

43.     In conducting the search, defendants MEDINA and DOES 1 through 6, inclusive, acted intentionally, and knew that they had lied to the judge about marijuana being in the plaintiff's greenhouse.

44.     The actions of defendants MEDINA and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of plaintiff

---

[11] Infinite Chemical Analysis Labs, LLC is a licensed cannabis testing lab with a Type 8 testing license issued by the California Bureau of Cannabis Control, License No. C8-0000019-LIC.
[12] "Total THC content" includes (1) tetrahydrocannabolic acid ("THCa," which is a precursor to delta-9 tetrahydrocannabinol. THCa is not psychoactive until it is decarboxylated into Δ-9 THC and is not a controlled substance); (2) delta-9 tetrahydrocannabinol ("Δ-9 THC," which is psychoactive and is the only cannabinoid controlled under the <u>Controlled Substances Act</u>, unless it is found in hemp); (3) delta-8 tetrahydrocannabinol ("Δ-8 THC," which is mildly psychoactive and not a controlled substance)  and (4) tetrahydrocannabivarin ("THCV"), which is also not psychoactive or a controlled substance. In plaintiff DREWRY's sample that was tested, only 0.13% of THCa was detected, and there was no detected amount of Δ-8 THC, Δ-9 THC or TCHV.
[13] *See*, 7 U.S.C. § 1639o(1). "*The term 'hemp' means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.*"
[14] *See*, *Cal. Food & Agriculture Code* § 81000(a)(6).

COMPLAINT FOR DAMAGES

12

DREWRY's rights under the Fourth Amendment to the United States Constitution to be free from unlawful and unreasonable searches of his property.

45.     As a direct and proximate result of the actions of defendants MEDINA and DOES 1 through 6, inclusive, plaintiff DREWRY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred the loss of income from his hemp growing business, 4) the loss of his personal property and monies, 5) the loss of future income, and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00.

46.     The actions of said defendants, and each of them, save COUNTY, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff DREWRY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

## SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants
### Based On Failure To Train
### (By All Plaintiffs Against Defendants COUNTY and
### DOES 7 through 10, inclusive)

47.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48.     As shown above, when defendants MEDINA and DOES 1 through 6, inclusive, deprived plaintiff DREWRY of his particular rights under the United States Constitution, they were acting under the color of state law.

49.     The training policies of defendants COUNTY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants COUNTY and

COMPLAINT FOR DAMAGES
13

DOES 7 through 10, inclusive, failed to properly train its deputy sheriffs / other peace officers, Special Officers and investigative personnel, on applicable laws involving legal industrial hemp growing businesses, and to otherwise adequately train it's peace officers and other personnel: 1) that industrial hemp growing and those businesses are legal; 2) that industrial hemp growing businesses are also registered to grow industrial hemp by Riverside County, to be grown in Riverside County; 3) where to find the credentials in Riverside County of any such industrial hemp grower that show (or fail to show) that they are legally growing industrial hemp in Riverside.

50.     Defendants COUNTY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

51.     The failure of defendants COUNTY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiffs' rights by defendants MEDINA and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

52.     As a direct and proximate result of the actions of defendants MEDINA and DOES 1 through 6, inclusive, plaintiff DREWRY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred the loss of income from his hemp growing business, 4) the loss of his personal property and monies, 5) the loss of future income, and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00.

53.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff DREWRY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in

COMPLAINT FOR DAMAGES

14

excess of $5,000,000.00.

### THIRD CAUSE OF ACTION
### Conversion / Trespass to Chattels
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

54.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55.     As complained of above, plaintiff DREWRY had his home unlawfully searched and his property unlawfully seized on December 9, 2019, and said unlawful seizure of plaintiff's property constituted conversion / trespass to chattels under California state law.

56.     Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive, are liable to the plaintiff DREWRY for their unlawful seizure of plaintiff's property pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

57.     Plaintiff DREWRY owned and possessed his lawfully registered industrial hemp farm, consisting of approximately 267 hemp plants and wax sheets taken from his home; and defendants MEDINA and DOES 1 through 6, inclusive, substantially interfered with plaintiff DREWRY's property and his industrial hemp business, by knowingly, intentionally and unlawfully taking possession of the aforementioned approximately 267 hemp plants and wax sheets taken from plaintiff's home and destroying plaintiff's entire hemp crop.

58.     Plaintiff DREWRY did not consent to the unlawful searches and seizures of his property, described hereinabove; and plaintiff DREWRY was harmed by the unlawful conduct of defendants MEDINA and DOES 1 through 6, inclusive; and defendant MEDINA and DOES 1 through 6, inclusive's conduct was a substantial factor in causing plaintiff DREWRY's harm.

COMPLAINT FOR DAMAGES
15

59.     As a direct and proximate result of the actions of defendants MEDINA and DOES 1 through 6, inclusive, plaintiff DREWRY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred the loss of income from his hemp growing business, 4) the loss of his personal property and monies, 5) the loss of future income, and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00.

60.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## FOURTH CAUSE OF ACTION
### Trespass
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

61.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.     As shown above, the actions committed by defendants MEDINA and DOES 1 through 6, inclusive, above-described, constituted an unlawful trespass onto plaintiff DREWRY's property and home under California state law.

63.     Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive, and each of them, are liable to the plaintiff DREWRY for said trespass onto his property and his home, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

64.     Plaintiff DREWRY owned the property, and defendant MEDINA and DOES 1 through 6, inclusive, intentionally and recklessly entered onto plaintiff

COMPLAINT FOR DAMAGES

DREWRY's property and home; and plaintiff DREWRY did not give consent or permission for said entry.

65.     Plaintiff DREWRY was actually harmed, and defendant MEDINA and DOES 1 through 6, inclusive's entry and conduct was a substantial factor in causing plaintiff DREWRY's harm.

66.     As a direct and proximate result of the actions of defendants MEDINA and DOES 1 through 6, inclusive, plaintiff DREWRY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred the loss of income from his hemp growing business, 4) the loss of his personal property and monies, 5) the loss of future income, and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00.

67.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## FIFTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

68.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.     As shown above, the actions committed by defendants MEDINA and DOES 1 through 6, inclusive, above-described, were negligent under California state law; to wit, defendants MEDINA and DOES 1 through 6, inclusive, knew

that plaintiff DREWRY was engaged in lawful commercial activity at the time of the subject incident / raid and owed plaintiff a duty of due care to plaintiff's industrial hemp crop under California state law.

70.     Moreover, as shown above, the actions committed by defendants MEDINA and DOES 1 through 6, inclusive, above-described, constituted a breach of their duty to exercise due care to plaintiff DREWRY's industrial hemp crop when said defendants destroyed plaintiff's industrial hemp crop.

71.     Plaintiff DREWRY was actually harmed financially by the confiscation / theft / seizure of his industrial hemp crop.

72.     Furthermore, defendants MEDINA and DOES 1 through 6, inclusive's negligence was a substantial factor in causing plaintiff DREWRY's harm.

73.     As a direct and proximate result of the actions of defendants MEDINA and DOES 1 through 6, inclusive, plaintiff DREWRY was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred the loss of income from his hemp growing business, 4) the loss of his personal property and monies, 5) the loss of future income, and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000.000.00.

74.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

COMPLAINT FOR DAMAGES

18

b)      For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.

JERRY L. STEERING
Attorney for plaintiff

COMPLAINT FOR DAMAGES
19