Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jennifer J. Moon, State Bar No. 186201
E-Mail: jmoon@hurrellcantrall.com
HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant COUNTY OF RIVERSIDE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LAWRENCE DREWRY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, ALFREDO MEDINA and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 5:20-cv-02554-JGB-SHK<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S ANSWER TO PLAINTIFF LAWRENCE DREWRY'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Trial Date: None |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant COUNTY OF RIVERSIDE (hereinafter "Answering Defendant") for itself alone and for no other person, firm, or corporation, answers LAWRENCE DREWRY'S ("Plaintiff") Complaint for Damages ("Complaint") as follows:

## JURISDICTIONAL ALLEGATIONS

1. In answer to paragraph 1, Answering Defendant admits that jurisdiction is properly with this Court.

2. In answer to paragraph 2, Answering Defendant admits that venue is properly in this Court.

3. In answer to paragraph 3, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said

paragraph, and on that basis, denies the allegations contained therein.

4. In answer to paragraph 4, Answering Defendant admits it rejected Plaintiff's Claim for Damages on June 12, 2020, but denies the remaining allegations contained therein.

## GENERAL ALLEGATIONS

5. In answer to paragraph 5, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

6. In answer to paragraph 6, Answering Defendant admits the allegations contained therein.

7. In answer to paragraph 7, Answering Defendant admits that Alfredo Medina was an employee of Answering Defendant. As to the balance of the allegations, Answering Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

8. In answer to paragraph 8, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

9. In answer to paragraph 9, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

10. In answer to paragraph 10, no allegations are made therein.

11. In answer to paragraph 11, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

12. In answer to paragraph 12, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

13. In answer to paragraph 13, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

14. In answer to paragraph 14, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

15. In answer to paragraph 15, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEARCH and SEIZURE OF PROPERTY**
**UNDER FOURTH AMENDMENT**
**[Violation of 42 U.S.C. § 1983]**
**(By Plaintiff LAWRENCE DREWRY Against Defendants MEDINA AND DOES 1 through 6, inclusive)**

16. In answer to paragraph 16, which incorporates by reference the allegations of other paragraphs of the pleading, Answering Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

17. In answer to paragraph 17, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

18. In answer to paragraph 18, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

19. In answer to paragraph 19, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

20. In answer to paragraph 20, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said

paragraph, and on that basis, denies the allegations contained therein.

21. In answer to paragraph 21, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

22. In answer to paragraph 22, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

23. In answer to paragraph 23, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

24. In answer to paragraph 24, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

25. In answer to paragraph 25, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

26. In answer to paragraph 26, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

27. In answer to paragraph 27, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

28. In answer to paragraph 28, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

29. In answer to paragraph 29, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

30. In answer to paragraph 30, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

31. In answer to paragraph 31, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

32. In answer to paragraph 32, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

33. In answer to paragraph 33, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

34. In answer to paragraph 34, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

35. In answer to paragraph 35, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

36. In answer to paragraph 36, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

37. In answer to paragraph 37, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

38. In answer to paragraph 38, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

39. In answer to paragraph 39, Answering Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

40. In answer to paragraph 40, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

41. In answer to paragraph 41, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

42. In answer to paragraph 42, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

43. In answer to paragraph 43, Answering Defendant denies the allegations contained therein.

44. In answer to paragraph 44, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

45. In answer to paragraph 45, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

46. In answer to paragraph 46, Answering Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION**
**[Violation of 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants**
**Based on Failure To Train**
**(By All Plaintiffs Against Defendants COUNTY and DOES 7 through 10, inclusive)**

47. In answer to paragraph 47, which incorporates by reference the allegations of other paragraphs of the pleading, Answering Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

48. In answer to paragraph 48, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

49. In answer to paragraph 49, Answering Defendant denies the allegations contained therein.

50. In answer to paragraph 50, Answering Defendant denies the allegations contained therein.

51. In answer to paragraph 51, Answering Defendant denies the allegations contained therein.

52. In answer to paragraph 52, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

53. In answer to paragraph 53, Answering Defendant denies the allegations contained therein.

### THIRD CAUSE OF ACTION
### Conversion/Trespass to Chattels
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

54. In answer to paragraph 54, which incorporates by reference the allegations of other paragraphs of the pleading, Answering Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

55. In answer to paragraph 55, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

56. In answer to paragraph 56, Answering Defendant denies the allegations contained therein.

57. In answer to paragraph 57, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said

paragraph, and on that basis, denies the allegations contained therein.

58. In answer to paragraph 58, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

59. In answer to paragraph 59, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

60. In answer to paragraph 60, Answering Defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION
### Trespass
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

61. In answer to paragraph 61, which incorporates by reference the allegations of other paragraphs of the pleading, Answering Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

62. In answer to paragraph 62, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

63. In answer to paragraph 63, Answering Defendant denies the allegations contained therein.

64. In answer to paragraph 64, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

65. In answer to paragraph 65, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

66. In answer to paragraph 66, Answering Defendant is without sufficient

1 knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

67. In answer to paragraph 67, Answering Defendant denies the allegations contained therein.

## FIFTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By Plaintiff DREWRY Against Defendants COUNTY, MEDINA and DOES 1 through 6, inclusive)

68. In answer to paragraph 68, which incorporates by reference the allegations of other paragraphs of the pleading, Answering Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

69. In answer to paragraph 69, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

70. In answer to paragraph 70, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

71. In answer to paragraph 71, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

72. In answer to paragraph 72, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

73. In answer to paragraph 73, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, denies the allegations contained therein.

74. In answer to paragraph 74, Answering Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

As for its separate affirmative defenses, Answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims against Answering Defendant are barred, as Answering Defendant has qualified immunity from the allegations set forth in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred on the ground that Answering Defendant was not the cause of any alleged damage, injury, or loss to Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint, and each and every claim contained therein, is barred by the applicable statute of limitations, including, but not limited to, California *Code of Civil Procedure* §§ 335.1, 338, 339, 340, 342, 343, and 583.210.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff claims are barred by the failure of Plaintiff to commence the action within the time required by California *Government Code* §§ 911.2, 911.4, 945.4, 945.6, 950.2, and 950.6.

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff is estopped by his own acts or omissions from recovery against Answering Defendant for the claims asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and distinct affirmative defense, Answering Defendant alleges any injury to Plaintiff was due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's alleged damages, if any, contained in the Complaint, were caused by persons and/or entities, other than Answering Defendant, who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with Plaintiff, and that at all times, said persons or entities were acting

without consent, authorization, knowledge, and/or ratification of this Answering Defendant. Accordingly, any recovery against Answering Defendant by Plaintiff must be precluded and/or reduced in a proportionate amount to the fault on the part of such other person(s) and/or entities.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and distinct affirmative defense, Answering Defendant alleges that to the extent Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence, and damages, if any, should be reduced in direct proportion to his fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate and distinct affirmative defense, Answering Defendant alleges the conduct, if any, which is the subject of Plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further all actions by Answering Defendant were in good faith and reasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable for the failure to discharge any mandatory duty in that it exercised reasonable diligence in the discharge of all duties as provided by California *Government Code* § 815.6.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable pursuant to statute by operation of California *Government Code* §§ 818.2 and 821 for the adoption or failure to adopt

or enforce any law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable by operation of California *Government Code* § 820.2 for injury resulting from an act or omission where the act or omission was the result of the exercise of the discretion vested in Answering Defendant, whether or not such discretion be abused.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable by operation of California *Government Code* § 820.4 for the execution or enforcement of the law by public officers exercising due care.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable by operation of California *Government Code* § 820.6 for injury caused by acts done in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is not liable by operation of California *Government Code* § 820.8, in that the injuries and damages, if any, were caused by the acts or omissions of other persons, and not Answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a separate and distinct affirmative defense, Answering Defendant alleges on or about the time, date, and place alleged in Plaintiff's Complaint, the conduct of Plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate

cause of the injuries and damages allegedly suffered by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant's acts or omissions were discretionary, requiring deliberation, decision and judgment which were done honestly, reasonably and in good faith, and by virtue of which they are immune from liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a separate and distinct affirmative defense, Answering Defendant alleges all the claims set forth in Plaintiff's Complaint are barred because Plaintiff failed to take reasonable steps to mitigate his damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff has failed to comply with the California Tort Claims Act.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. As a separate and distinct affirmative defense, Answering Defendant alleges the Complaint, and each claim contained therein, is barred by the doctrines of collateral estoppel and *res judicata*.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims are barred by Plaintiff's failure to comply with the administrative claim provisions of California *Government Code* § 910, et seq.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a separate and distinct affirmative defense, Answering Defendant

alleges Plaintiff's action is barred by the failure of Plaintiff to join, in a timely fashion, indispensable and/or necessary parties to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. As a separate and distinct affirmative defense, Answering Defendant alleges the actions of Answering Defendant in all respects were reasonable, proper and legal.

### THIRTIETH AFFIRMATIVE DEFENSE

30. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant's conduct did not cause the constitutional violations alleged in Plaintiff's Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. As a separate and distinct affirmative defense, Answering Defendant alleges the conduct alleged in Plaintiff's Complaint did not violate an interest cognizable under 42 U.S.C. § 1983.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims are barred by the doctrine of offset.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims are barred by the doctrine of release.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff does not have standing to sue.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. As a separate and distinct affirmative defense, Answering Defendant alleges that the damages, if any, should be in direct proportion to the fault of Answering Defendant, if any, as provided by California *Civil Code* §§ 1431 and 1431.5.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. As a separate and distinct affirmative defense, Answering Defendant alleges Answering Defendant is immune from liability pursuant to the provisions of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: *Government Code* §§ 815.2, 815.6, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 835a, 846, 850.8, 855.6, 856.4 and 945.6; *Penal Code* §§835, 835(a), 836, 836.5, and 847.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. As a separate and distinct affirmative defense, Answering Defendant alleges that it is immune from the claims for relief in Plaintiff's Complaint due to the application of California *Penal Code* § 1531.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. As a separate and distinct affirmative defense, Answering Defendant alleges it is immune from the claim for relief in Plaintiff's Complaint due to the application of California *Code of Civil Procedure* § 262.1.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. As a separate and distinct affirmative defense, Answering Defendant alleges that under California *Government Code* §§ 815(b), 815.4, and 820.2, a public entity and its employees, officers, and agents are not responsible for injury and damages resulting from the act or omission that was a result of an exercise of discretion vested in such officer, employee, or agent.

### FORTIETH AFFIRMATIVE DEFENSE

40. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims are barred because Answering Defendant holds sovereign immunity under the Eleventh Amendment of the United States Constitution.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. As a separate and distinct affirmative defense, Answering Defendant alleges it is not liable per the doctrine of assumption of risk.

-16-

## FORTY-SECOND AFFIRMATIVE DEFENSE

42. As a separate and distinct affirmative defense, Answering Defendant alleges Plaintiff's claims are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom, practice, or procedure.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43. As a separate and distinct affirmative defense, Answering Defendant alleges the Complaint fails to state sufficient facts to entitle Plaintiff to claims of punitive or exemplary damages from Answering Defendant as a matter of law.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Answering Defendant alleges that in the event that it prevails at trial, or by way of dispositive motion, it will be entitled to recovery of reasonable attorneys' fees and costs under California *Code of Civil Procedure* § 1038 and Title 42 U.S.C. § 1988.

## ADDITIONAL AFFIRMATIVE DEFENSE

45. Answering Defendant asserts other affirmative defenses may exist as to Plaintiff's Complaint, and Answering Defendant does not waive but reserves the right to subsequent defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-17-

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint and that judgment be entered in favor of Answering Defendant;
2. Plaintiff's Complaint be dismissed with prejudice;
3. That Answering Defendant recover costs of suit incurred herein, including reasonable attorney's fees; and
4. For such other relief as the Court deems proper and just.

DATED: February 11, 2021         HURRELL CANTRALL LLP

By: /s/ *Thomas C. Hurrell*
THOMAS C. HURRELL
JENNIFER J. MOON
Attorneys for Defendant COUNTY OF RIVERSIDE

**DEMAND FOR JURY TRIAL**

Defendant COUNTY OF RIVERSIDE hereby respectfully demands a trial by jury in the above-entitled action. This demand is made to all claims, matters, and issues to which they may legally be entitled to demand a jury.

DATED: February 11, 2021     HURRELL CANTRALL LLP

By: /s/ *Thomas C. Hurrell*
THOMAS C. HURRELL
JENNIFER J. MOON
Attorneys for Defendant COUNTY OF RIVERSIDE

-19-