UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2554 JGB (SHKx)** | Date | January 24, 2024 |
|---|---|---|---|
| Title | *Lawrence Drewry v. County of Riverside, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendants' Motion in Limine No. 1 to Preclude Any Reference or Evidence of Claims, Lawsuits, or Other Alleged Incidents Concerning Any of the Individual Law Enforcement Officers in This Case (Dkt. No. 42); (2) GRANTING-IN-PART, DENYING-IN-PART and DEFERRING RULING-IN-PART on Defendants' Motion in Limine No. 2 to Limit Plaintiff's Police Practices Expert's Opinions (Dkt. No. 43); and (3) GRANTING Plaintiff's Motion in Limine to Exclude Expert Witness Report and Testimony (Dkt. No. 79)

Before the Court are motions in limine brought by defendants County of Riverside ("County") and Deputy Alfredo Medina ("Medina") (collectively, "Defendants") (Dkt. Nos. 42 and 43) as well as plaintiff Lawrence Drewry's ("Drewry" or "Plaintiff") motion in limine (Dkt. No. 79) (collectively, "Motions"). After considering all papers filed in support of and in opposition to the Motions, the Court memorializes its rulings on each motion as discussed below.

## I. BACKGROUND

This is a civil rights case that concerns an affidavit authored by Deputy Medina in support of a search warrant for Plaintiff's property and the execution of the warrant. On December 10, 2020, Plaintiff filed his complaint against the County, Deputy Medina, and Does 1 through 10 ("Doe Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges five causes of action: (1) unreasonable search and seizure of property under the Fourth Amendment in violation of 42 U.S.C. § 1983 ("Section 1983") (against Deputy Medina and Does 1 through 6); (2) failure to train in violation of Section 1983 (against County and Does 7 through 10); (3) conversion/trespass to chattels under California state law (against County, Deputy Medina, and

Does 1 through 6); (4) trespass under California state law (against County, Deputy Medina, and Does 1 through 6); and (5) negligence under California state law (against County, Deputy Medina, and Does 1 through 6).  (See Complaint.)

On January 23, 2023, the Court granted-in-part Defendants' motion for summary judgment.  ("MSJ Order," Dkt. No. 62.)  The Court: (1) granted Defendants summary judgment as to Plaintiff's second claim for failure to train in violation of Section 1983; and (2) denied summary judgment as to all other claims.  (Id.)

On December 30, 2022, Defendants filed the following two motions in limine:

1. Motion to preclude any reference or evidence of claims, lawsuits, settlements, verdicts, judgments, complaints, discipline, administrative investigations or proceedings, or other alleged incidents concerning any of the individual law enforcement officers in this case or any other member of Riverside County Sheriff's Department.  ("Def. MIL #1, Dkt. No. 42.)  On January 17, 2023, Plaintiff opposed ("Opp'n to Def. MIL #1," Dkt. No. 50) and in support of his Opposition, Plaintiff included the declaration of Jerry L. Steering.  ("Steering Decl.," Dkt. No. 50.)  On January 23, 2023, Defendants replied.  ("Reply to Def. MIL #1," Dkt. No. 61.)

2. Motion to limit police practices expert Garon Wyatt's opinions.  ("Def. MIL #2," Dkt. No. 43.)  In support, Defendants filed the declaration of Thomas C. Hurrell.  ("Hurrell Decl.," Dkt. No. 43.)  On January 17, 2023, Plaintiff opposed.  ("Opp'n to Def. MIL #2," Dkt. No. 49.)  On January 23, 2023, Defendants replied.  ("Reply to Def. MIL #2," Dkt. No. 64.)

On October 8, 2023, Plaintiff filed a motion in limine to exclude Defendants' late disclosed expert witnesses and analysis request and analytical report of July 10, 2023.  ("Pl. MIL," Dkt Nos. 79-81.)  On October 16, 2023, Defendants opposed.  ("Def. Opposition," Dkt. No. 83.)

## II.   FACTS

Briefly, this matter arises of out of Plaintiff's allegation that on December 9, 2019, Deputy Medina, then employed by the Riverside County Sheriff's Department, an entity of defendant County of Riverside, unlawfully searched Plaintiff's home pursuant to a search warrant that he procured through judicial deception.  (Def. MIL #1 at 4.)  As a result of this unlawful search, Plaintiff alleges that Deputy Medina, and other sheriff deputies, seized and destroyed numerous industrial hemp plants that Plaintiff was lawfully growing on his property, thereby effectively destroying the entirety of his hemp crops.  (Id.)

//
//

## III. LEGAL STANDARD

### A. Motions in Limine

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion in limine, a court may revisit the issue at trial. See Fed. R. Evid. 103 advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); see also Luce, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999).

### B. Federal Rule of Evidence 702

Federal Rule of Evidence ("FRE") 702 ("FRE 702") allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if four conditions are met: (a) the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue"; (b) "the testimony is based on sufficient facts or data"; (c) "the testimony is the product of reliable principles and methods"; and (d) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d).

The trial court is accorded wide discretion to act as gatekeepers for the admissibility of expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151–52 (1999). A court may consider several factors to determine the reliability of an expert's opinion, including whether a theory or technique has been tested, has been subjected to peer review and publication, has a high known or potential rate of error, and "enjoys 'general acceptance' within a 'relevant scientific community.'" Id. at 149–50 (quoting Daubert v. Merrell Dow Pharm., 509 U.S. 579, 592–94 (1993)). "The party offering the expert bears the burden of establishing that Rule 702 is satisfied." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., 2007 WL 935703, *4 (S.D. Cal. Mar. 7, 2007). FRE 702 should be applied consistent with the "liberal thrust" of the Federal Rules and their "general approach of relaxing the traditional barriers to 'opinion testimony.'" Daubert, 509 U.S. at 588.

## IV. DISCUSSION

### A. Defendants' MIL # 1

Defendants move in limine to preclude Plaintiff from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to claims, lawsuits, settlements, verdicts, judgments, complaints, discipline, administrative investigations or proceedings, or other alleged incidents concerning any of the individual law enforcement

officers in this case or any other member of the Riverside County Sheriff's Department. (Def. MIL #1 at 2.) Defendants assert that such evidence is: (1) irrelevant to the issues to be tried; (2) it amounts to inadmissible character evidence; and (3) such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury. (Id.)

Plaintiff asserts that Defendants' motion should be denied at least as to the raids on other properties where suspected illegal marijuana grows on the basis that those raids explain why Deputy Medina failed to check on Plaintiff's status as a licensed industrial hemp grower. (Opp'n to Def. MIL #1 at 9.) Plaintiff contends that because Deputy Medina, who authored the search warrant at issue, testified to authoring approximately 300 search warrants in 2019, it is plausible that Deputy Medina did not take the time to investigate each raided property. (Id.) In support of his Opposition, Plaintiff attached a compilation of press releases from the Riverside County Sheriff's Department and from local news outlets showing search warrant executions for suspected illegal marijuana raids in Riverside County in the area where Plaintiff's property is located. ("Press Compilation," Steering Decl., Ex. A.)

Defendants respond that Plaintiff fails to establish how evidence regarding raids on other properties that have suspected illegal marijuana is relevant to this case. (Reply to Def. MIL #1 at 4.) Defendants further argue that the Riverside County Sheriff Department is not a party to this action, and thus, any alleged misconduct of any of the Defendants in this matter should not be decided based on press releases from the Riverside County Sheriff's Department or other media outlets. (Id.) Defendants also contend that media accounts regarding the Riverside County Sheriff's Department's actions constitute inadmissible hearsay because they contain unsubstantiated third-party hearsay statements. (Reply to Def. MIL #1 at 4-5 (citing Twardowski v. Am. Airlines, Inc., 535 F.3d 952, 961 (9th Cir. 2008) (excluding newspaper article as hearsay).)

The Court agrees that evidence such as press releases and media articles that are unrelated to the incident at issue are irrelevant as to whether Deputy Medina unlawfully searched Plaintiff's home. Accordingly, Defendants' MIL #1 is **GRANTED**.

**B.   Defendants' MIL # 2**

Defendants move to limit various opinions of Plaintiff's police practices expert, Garon Wyatt ("Wyatt"), on the basis that his opinions are irrelevant and not helpful to the jury. (Def. MIL #2 at 2.) The Court addresses each opinion in turn.

    **1.   Opinion 1**

Defendants assert that Wyatt's first opinion is an improper legal conclusion because he opines that "there are no facts to support probable cause on the part of Master Investigator Medina that marijuana was being cultivated" at Plaintiff's property. (Def. MIL #2 at 5; "Wyatt Report," at ¶ 23, Hurrell Decl., Ex. A.) Plaintiff contends that Wyatt's opinion is permissible because Plaintiff needs the testimony of Wyatt to properly explain whether a reasonably

well-trained police officer would have had probable cause and because testimony on the ultimate issue in this case is not inadmissible. (Opp'n to Def. MIL #2 at 12.)

While "expert testimony concerning an ultimate issue is not per se improper[,] ... an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Goodin v. City of Glendora, 380 F. Supp. 3d 970, 984 n. 16 (C.D. Cal. 2019) (finding that defendants' expert who opined that there was probable cause for defendants to enter a residence improperly undertook to tell the court what result to reach by substituting the expert's judgment for the court's). An "expert['s] testimony concerning probable cause is a legal issue and not the proper subject of expert testimony." McNally v. Riis, 2020 WL 209141, at *3 (S.D. Cal. Jan. 14, 2020) (granting plaintiff's motion in limine seeking to preclude expert testimony as to whether probable cause existed to arrest plaintiff). By opining that there was no probable cause, Mr. Wyatt is invading the province of the jury because it is the jury that decides whether Deputy Medina had enough facts to support a finding of probable cause.

In support of his contention that Wyatt's opinion is not a legal conclusion, Plaintiff cites Jimenez v. City of Chicago, 732 F.3d 710 (7th Cir. 2013). (Opp'n to Def. MIL #2 at 4.) There the court found that an expert witness's testimony about reasonable practices for police investigations and how the murder investigation for plaintiff's crime of conviction departed from those practices did not amount to improper legal conclusions because although the expert's opinions had direct implications for applying legal standards such as probable cause, the expert did not offer any definitive legal opinion such as whether the police had probable cause to arrest plaintiff. Jimenez, 732 F.3d at 722. Here, Wyatt explicitly states that "there are no facts to support probable cause," and thus, he is offering an impermissible legal opinion. Accordingly, the Court **GRANTS** Defendants' MIL #2 as to Wyatt's opinion that there are no facts to support probable cause.

   2. Opinion 2

Defendants assert that Wyatt's second opinion that "Master Investigator Medina did not exercise due diligence searching the Industrial Hemp Registry for licensed cultivators" is inadmissible because it is the jury that decides whether Deputy Medina was diligent. (Def. MIL #2 at 7.) In support of this contention, Defendants cite case law where courts have held that expert witnesses may not opine on legal conclusions. (Id. at 7 (citing Valtierra v. City of Los Angeles, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) (finding inadmissible expert's opinion as to whether officers' actions were objectively reasonable because they constitute legal conclusions).) Whether Deputy Medina was diligent is not a legal conclusion, accordingly, the Court **DENIES** Defendants' MIL #2 as to this opinion. Wyatt may opine as to why and whether or not he believes that Deputy Medina did not exercise due diligence.

Next, Defendants assert Wyatt's following opinions are inadmissible because they opine on Wyatt's state of mind: (1) Deputy Medina fabricated his statement that he checked the database; (2) Deputy Medina checked a database that was outdated by months (therefore stale); and (3) Deputy Medina was careless and missed the entry for Plaintiff's property when he checked the

database. (Def. MIL #2 at 6.) Wyatt ultimately concludes that Deputy "Medina's negligence resulted in the unlawful search and seizure at" Plaintiff's property. (Wyatt Report at 11.)

"It is inappropriate for an expert to attempt to intuit a party's subjective knowledge or create a question of fact as to what the party actually knew." Godinez v. Huerta, 2018 WL 2018048, at *7 (S.D. Cal. May 1, 2018) (internal quotes and alterations omitted). The Court agrees with Defendants that Wyatt's opinion that Deputy Medina "fabricated his statement that he checked the database" is inadmissible because it opines on Wyatt's state of mind. Id. (excluding expert's opinion that a deputy's action appeared to be deliberately reckless and not accidental because such opinion concerned deputy's "subjective knowledge or state of mind"). Furthermore, Wyatt's opinion that Deputy Medina was careless or negligent is an impermissible legal conclusion. See Andrews v. Metro N Commuter R. Co., 882 F.2d 705, 709 (2d Cir. 1989) (expert's testimony that railroad was negligent was improper).

As Mr. Wyatt's opinion that Deputy "Medina checked a database that was outdated," the Court does not find that this opinion speaks to Deputy Medina's state of mind because Mr. Wyatt is not opining that Deputy Medina knew that he was checking an outdated database. However, the Court still finds that Wyatt's opinion that Deputy "Medina checked a database that was outdated" is impermissible because it does not assist the jury in understanding the evidence. Wyatt's opinion seems to stem from the fact that Plaintiff registered for licensed industrial hemp cultivation in August 2019, that the database of registered hemp growers is updated in real-time, and that Deputy Medina did not see Plaintiff's property in the database of registered hemp growers when he checked it. (Wyatt Report at 10.) Because the jury will learn of those facts through other evidence, the Court does not find that Wyatt's opinion that Deputy "Medina checked a database that was outdated" stems from "specialized knowledge" that will assist the jury to understand the evidence. See Fed. R. Evid. 702 (the rules of evidence allows admission of "specialized knowledge" that will "assist the trier of fact to understand the evidence"). Accordingly, the Court **GRANTS-IN-PART and DENIES-IN-PART** Defendants' MIL #2 as to Wyatt's second opinion.

   3. Opinions 3 and 4

Defendants move to exclude Wyatt's third opinion that "[t]he seizure and destruction of Mr. Drewry's property was inconsistent with proper police procedures" and his fourth opinion that "[t]he destruction of plants seized at [Plaintiff's property] should not have occurred." (Def. MIL #2 at 8.) Defendants argue that these opinions constitute improper legal conclusions and that they are unfairly prejudicial to Defendants because these opinions have no bearing on the issues of liability in this case. (Id.)

In his third opinion, Wyatt opines that Deputy Medina's report did not conform to generally accepted police practices because he wrote his report four months after the search and seizure occurred and his report is unclear. (See Wyatt Report at 11-12.) In his fourth opinion, Wyatt opines that Deputy Medina fails to use generally accepted police practices in collecting, evaluating, and storing evidence. (See id. at 12.) The Court is unpersuaded that these opinions

are impermissible legal conclusions because they do not opine on an ultimate issue of law. See Goodin, 380 F. Supp. 3d at 984 n. 16.

However, at this juncture, the Court cannot decide whether these opinions are relevant to the issues of liability in this case. Accordingly, the Court **DEFERS RULING** on Def. MIL #2 as to Wyatt's third and fourth opinions.

### C. Plaintiff's MIL

Plaintiff moves to exclude the testimony and report of Defendants' late-disclosed experts, Dr. Lijun Zhang, Tanisha Bogans, and Miaotian Sun ("Contested Witnesses"). (Pl. MIL at 2.) Plaintiff argues that testimony of the Contested Witnesses, along with a July 10, 2023 Analysis Request and Analytical Report ("Report") should be excluded because it was not disclosed within the prescribed time period. (Id. at 8.) Defendants served Plaintiff with their initial disclosures on May 25, 2021, and their initial expert witness disclosures on May 23, 2022. (Id.) Neither included notice of the Contested Witnesses or the Report. (Id.) Plaintiff argues that the admission of the Contested Witnesses testimony and the Report would prejudice Plaintiff because he was not afforded the opportunity to perform his own test to verify the results in the Report, nor is he able to offer rebuttal expert witnesses given the late disclosure. (Id. at 14-17.)

Defendants contend that they were unable to take the samples outlined in the Report before the discovery cut-off dates because of an ongoing criminal case against Plaintiff. (Def. Opposition at 3.) "It was not until the statute ran on any potential criminal charges against Plaintiff, that Defendants were able to make a request to get the samples tested, and this occurred [in] mid-2023, after the discovery cut-off dates." (Id.) Defendants argue that the testimony of the Contested Witnesses and the Report constitute relevant evidence that "came to light after the discovery cut-off" and thus were timely disclosed to Plaintiff in the Defendants' pre-trial disclosures. (Id. at 4.) It is undisputed that the deadline for initial disclosures was well-before Defendants' September 29, 2023 disclosure. (See id.; see Pl. MIL.) The Court does not agree with Defendants' argument that the late-disclosure was justified "because the subject evidence simply did not exist." (Def. Opposition at 4.) As outlined in their opposition, Defendants were aware of Plaintiff's ongoing criminal case and the limitations that the case may have imposed on the instant case—however, Defendants chose not to remedy this by seeking an extension to the disclosure deadlines. The Court finds that the admission of late-disclosed testimony from the Contested Witnesses as well as the Report would be prejudicial to Plaintiff. As such, the Court **GRANTS** Plaintiff's MIL to exclude the testimony of Dr. Lijun Zhang, Tanisha Bogans, and Miaotian Sun, as well as the Report.

//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants' MIL #1 is **GRANTED**.

2. Defendants' MIL #2 is **GRANTED-IN-PART**, **DENIED-IN-PART and DEFERRED-IN-PART**.

3. Plaintiff's MIL is **GRANTED**.

**IT IS SO ORDERED.**